IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jaimie Bittle Thorpe, | ) | |
| | ) | Civil Action No. 6:14-3915-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Jaimie Bittle Thorpe ("Thorpe"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB").  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed and remanded pursuant to sentence four of § 405(g) for further proceedings consistent with the Report. (ECF No. 36).[1]  In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference.  Commissioner has filed objections to the Report (ECF No. 38), and Thorpe has responded to those objections (ECF No. 39).  Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Thorpe applied for DIB on October 24, 2010, alleging disability beginning on September 8, 2006, when she was thirty-four years old. Thorpe's application was denied initially and on reconsideration. On February 26, 2013, an Administrative Law Judge ("ALJ") heard testimony from Thorpe and a vocational expert. On March 14, 2013, the ALJ issued a decision denying Thorpe's claim.

In her decision, the ALJ found that Thorpe suffered from the following severe impairments: scoliosis and degenerative disc disease. (ECF No. 36 at 2). The ALJ found that, despite Thorpe's limitations, jobs existed in significant numbers in the national economy that she could perform. (ECF No. 22 at 3). Thorpe sought review of her case by the Appeals Council. In her appeal, Thorpe introduced a fourteen-page report from a physician who treated her for over ten years. (ECF No. 29-8 at 60–73). On June 13, 2014, the Appeals Council denied Thorpe's request for a review. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

The magistrate judge recommended reversing and remanding the case because he could not determine whether the ALJ's decision is supported by substantial evidence in light of new and material evidence presented to the Appeals Council. The Commissioner objects to that finding. (ECF No. 38). The court has thoroughly reviewed the ALJ decision (ECF No. 29-2 at 18–25), the medical evidence submitted, and the opinion of Thorpe's treating physician (ECF No. 29-8 at 59–73). The court finds that the well-written Report thoroughly and properly discusses how the court is unable to determine whether the ALJ's decision is supported by substantial evidence in light of the new and material evidence submitted to the Appeals' Council.

This opinion is provided by a physician who treated Thorpe for over ten years, including prior to, during, and after the relevant time period. (ECF No. 29-8 at 60). It includes a detailed statement by the treating physician about Thorpe, as well as other documents indicating disabling limitations not considered by the ALJ. (ECF No. 29-8 at 60–73). The opinion provides support for Thorpe's subjective complaints and discusses limitations discredited by the ALJ in his order. In light of the foregoing, this court, like the magistrate judge, is unable to make a finding that the

decision of the ALJ is supported by substantial evidence. Accordingly, the court finds that remand is necessary and appropriate to allow consideration of this evidence to determine what impact it may have on the previous determinations of the ALJ.

## CONCLUSION

After and thorough and careful review of the record, the court adopts the Report of the Magistrate Judge which is incorporated herein by reference. The Commissioner's final decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review as set forth in the Report. (ECF No. 36).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 4, 2016
Anderson, South Carolina